UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Southard,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Director, Alvin S. Glenn Detention Center,<br><br>　　　　　Respondent. | Case No. 2:25-cv-11508-BHH-MGB<br><br><br>REPORT AND RECOMMENDATION |

Robert Southard ("Petitioner"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that the petition be summarily dismissed without leave to amend.

## BACKGROUND

Petitioner is currently being detained at the Alvin S. Glenn Detention Center in Richland County, South Carolina on two charges of criminal sexual conduct with a minor in the first degree (Case Nos. 2024A4010600044, 2024A4010600045) and three charges of unlawfully placing a child at risk (Case Nos. 2024A4010202542, 2024A4010202543, 2024A4010202544).[1] State records indicate that a Richland County Grand Jury issued a true bill of indictment with respect to

---

[1] The undersigned takes judicial notice of the records filed in Petitioner's underlying state criminal proceedings before the Richland County Court of General Sessions. *See* https://www.sccourts.org/case-records-search/ (limiting search to Richland County and "Robert Southard") (last visited Oct. 20, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

all five charges on February 26, 2025 (Indictment Nos. 2025-GS-40-134, 2025-GS-40-135, 2025-GS-40-136, 2025-GS-40-137, 2025-GS-40-138).

Petitioner now brings the instant petition pursuant to 28 U.S.C. § 2241 alleging that he "asserted [his] statutory right to a speedy trial once in open court on May 23, 2024 and again on September 11, 2024 and [has] not been tried in the statutorily required timeframe pursuant to S.C. Code § 17-23-90" in violation of his Sixth Amendment rights. (Dkt. No 1 at 6.) Attached to the petition is a Motion for Discharge in Accordance with § 17-23-90 filed by Petitioner's counsel in his underlying criminal proceedings on or around January 2, 2025, arguing that Petitioner is "entitled to discharge from custody as a matter of law" based on the purported unconstitutional delay. (Dkt. No. 1-1 at 1.) The motion was apparently denied on February 14, 2025. (*Id.* at 5.) Petitioner therefore requests that the Court "release [him] effective immediately." (Dkt. No. 1 at 7.)

## STANDARD OF REVIEW

Under the established local procedure in this judicial district, a careful review has been made of Petitioner's *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts;[2] the Anti-Terrorism and Effective Death Penalty Act of 1996; and the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The narrow question before the Court is whether it "plainly appears" that Petitioner is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, his petition must be dismissed;

---

[2] *See* Rule 1(b), Rules Governing § 2254 Cases (allowing district courts to apply any or all of these rules to § 2241 petitions).

2

if not, Respondent must respond. *Id.* Because Petitioner is a *pro se* litigant, his petition is accorded liberal construction. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon*, 574 F.2d at 1151. Even under this less stringent standard, however, the Court cannot ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Under certain circumstances, a pretrial detainee may bring a petition for habeas relief pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), *cert. denied*, 484 U.S. 956 (1987) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). It is well-settled, however, that such relief is available only if the detainee has "exhausted his state court remedies and shown the existence of special circumstances to justify federal intervention." *Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (Table) (referencing *Dickerson*, 816 F.2d at 224–26). Although Petitioner apparently raised his right to a speedy trial before the Richland County Court of General Sessions (Dkt. No. 1-1), it does not appear that he has exhausted all state court remedies. *See Kane v. State of Va.*, 419 F.2d 1369, 1373 (4th Cir. 1970) (explaining that before seeking federal habeas relief, a pretrial detainee must demand a speedy trial; the state must afterward fail to make a diligent effort toward a speedy trial; and the pretrial detainee must then seek "dismissal of the charges against him because of unconstitutional delay"); *see also Santos v. Holloway*, No. 5:24-cv-3328-SAL-KDW, 2024 WL 4393196, at *2 (D.S.C. Aug. 22, 2024), *adopted*, 2024 WL 4381485 (D.S.C. Oct. 3, 2024) (finding that simply filing a speedy trial motion in state court is insufficient to exhaust all state remedies for purposes of § 2241).

3

Moreover, there are simply no special circumstances that would justify federal intervention at this time. Indeed, the United States Supreme Court emphasized this principle in *Younger v. Harris*, 401 U.S. 37 (1971), finding that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because Petitioner's criminal proceedings are ongoing at this time. The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *See Gilliam*, 75 F.3d at 904 (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Because Petitioner's case meets all three criteria for abstention under *Younger*, federal habeas relief is available only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26.

4

Petitioner has not shown the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests.").

Notably, "denial of the right to a speedy trial does not fall within the extraordinary circumstances envisioned in *Younger*," as a pretrial detainee has the "opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts." *Moore*, 515 F.2d at 449. Such is the case for Petitioner here. Thus, he cannot demonstrate "special circumstances" or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested federal relief. *See, e.g.*, *Harless v. Unknown*, No. 7:25-cv-553, 2025 WL 2481393, at *2 (W.D. Va. Aug. 28, 2025) (denying habeas relief under § 2241 because petitioner could raise speedy trial claims "before or during trial, and then during the state court appeals and habeas corpus proceedings that may follow"); *Cimbollek v. Dir. of*

5

*Union Cnty. Det. Ctr.*, No. 6:23-cv-1805-SAL, 2024 WL 1926561, at *2 (D.S.C. May 2, 2024) (dismissing § 2241 speedy trial claims, finding that "[w]hile Petitioner is dissatisfied with his case, there are procedures in place that protect his constitutional rights without this court's pretrial intervention"). The undersigned therefore finds that Petitioner is precluded from federal habeas relief at this time.

## CONCLUSION

Based on the above, the undersigned finds that Petitioner cannot cure the deficiencies in his petition by amendment and **RECOMMENDS** that the Court **DISMISS** the petition without prejudice and without requiring Respondent to file a return.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

October 20, 2025
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).